CC TO JUDGE ᏋᏚ

05-CV-01350-ANS

1                           **THE HONORABLE THOMAS S. ZILLY**

2

3

4                         _____ **FILED**   _____ **ENTERED**

                          _____ **LODGED**  _____ **RECEIVED**

5

                            SEP 3 0 2005   **ES**

6

7                              AT SEATTLE

                          CLERK U.S. DISTRICT COURT

                    BY  WESTERN DISTRICT OF WASHINGTON

                                      DEPUTY

8               UNITED STATES DISTRICT COURT

9        WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10

| | |
|---|---|
| 11   NATIONAL FLOOD SERVICES, INC., a Delaware corporation, and FISERV, INC., a Wisconsin Corporation, | NO. C05-1350Z |
| 13                    Plaintiffs, | **ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND JURY DEMAND** |
| 14      v. | |
| 15   TORRENT TECHNOLOGIES, INC., a Delaware corporation, TRAVIS PINE and SUSANNA PINE, and their marital community; THERESA N. JOHNSTON and RALPH JOHNSTON, and their marital community, | |
| 19                Defendants. | |

20

21        Defendants answer plaintiff's amended complaint, plead their affirmative defenses,

22 and assert counterclaims as set forth below:

23

24

25

26

27   ANSWER, AFFIRMATIVE DEFENSES,

COUNTERCLAIMS, AND JURY DEMAND

(No. C05-1350Z) - 1



SAVITT & BRUCE LLP

1325 Fourth Avenue Suite 1410

Seattle, Washington 98101-2509

(206) 749-0500

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**ANSWER**

Defendants answer the allegations of plaintiffs' amended complaint as set forth below.  The numbered paragraphs correspond to the numbered paragraphs in plaintiffs' amended complaint.

1.      Denied for lack of knowledge and information.

2.      Denied for lack of knowledge and information.

3.      Admitted.

4.      Defendants admit that Travis Pine ("Pine") is a citizen of Washington, residing in Kitsap County, that he was previously employed by NFS, and that he is a founder and current employee of Torrent Technologies, Inc. ("Torrent").  Except as expressly admitted, denied.

5.      Defendants admit the first two sentences of Paragraph 5.  Defendants deny the third sentence of Paragraph 5.

6.      Defendants admit that Theresa Johnston ("Johnston") is a citizen of Montana, residing in Kalispell, that she was previously employed by NFS, and that she is a founder and current employee of Torrent.  Except as expressly admitted, denied.

7.      Defendants admit the first two sentences of Paragraph 7.  Defendants deny the third sentence of Paragraph 7.

8.      Denied.

9.      Defendants admit that Torrent has its principal place of business in King County, Washington, which is within the Western District of Washington.  Except as expressly admitted, denied.

10.     Denied for lack of knowledge and information.

11.     Admitted.

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 2

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1        12.     Defendants admit the second sentence of Paragraph 12.  Except as expressly

2  admitted, denied.

3        13.     Denied for lack of knowledge and information.

4        14.     Denied for lack of knowledge and information.

5        15.     Denied for lack of knowledge and information.

6        16.     Denied for lack of knowledge and information.

7        17.     Denied for lack of knowledge and information.

8        18.     Denied for lack of knowledge and information.

9        19.     Denied for lack of knowledge and information.

10       20.     Denied.

11       21.     Defendants admit that when Pine was employed by NFS, he held a job with

12  the title Vice President of Information Services; when employed by NFS, Johnston held

13  several jobs, including Account Executive and Senior Vice President of Operations.  Except

14  as expressly admitted, denied.

15       22.     Admitted.

16       23.     Admitted.

17       24.     Denied.

18       25.     Denied.

19       26.     Denied.

20       27.     Defendants admit that Pine began employment with NFS on or about

21  September 1, 2001 and that he had not previously been employed in the flood insurance

22  industry.  Except as expressly admitted, denied.

23       28.     Defendants admit that Pine held a position at NFS with the title Vice President

24  of Information Services.  Except as expressly admitted, denied.

25

26

27  ANSWER, AFFIRMATIVE DEFENSES,
     COUNTERCLAIMS, AND JURY DEMAND
     (No. C05-1350Z) - 3

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1    29.    Denied for lack of knowledge and information.

2    30.    Denied.

3    31.    Defendants admit that, during his tenure at NFS, Pine had some contact with

4    NFS customers. Except as expressly admitted, denied.

5    32.    Admitted.

6    33.    Defendants admit that Johnston began employment with NFS on or about

7    January 8, 1990 and that she had not previously been employed in the flood insurance

8    industry. Except as expressly admitted, denied.

9    34.    Admitted.

10   35.    Denied.

11   36.    Denied.

12   37.    Denied.

13   38.    Defendants admit that, during her tenure at NFS, Johnson had contact with

14   NFS customers. Except as expressly admitted, denied.

15   39.    Admitted.

16   40.    Defendants admit that Pine executed the documents attached to plaintiffs'

17   amended complaint as Exhibits A and B. Except as expressly admitted, denied.

18   41.    Defendants admit that Johnston executed the documents attached to plaintiffs'

19   amended complaint as Exhibits C and D. Except as expressly admitted, denied.

20   42.    Denied.

21   43.    Defendants admit that they executed certain documents during their

22   employment with NFS, and state that those documents are the best evidence of their contents.

23   Except as expressly admitted, denied.

24

25

26

27   ANSWER, AFFIRMATIVE DEFENSES,
     COUNTERCLAIMS, AND JURY DEMAND
     (No. C05-1350Z) - 4

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1    44.    Defendants admit that they executed certain documents during their

2    employment with NFS, and state that those documents are the best evidence of their contents.

3    Except as expressly admitted, denied.

4    45.    Defendants admit that they executed certain documents during their

5    employment with NFS, and state that those documents are the best evidence of their contents.

6    Except as expressly admitted, denied.

7    46.    Defendants admit that they executed certain documents during their

8    employment with NFS, and state that those documents are the best evidence of their contents.

9    Except as expressly admitted, denied.

10    47.    Defendants admit that they executed certain documents during their

11    employment with NFS, and state that those documents are the best evidence of their contents.

12    Except as expressly admitted, denied.

13    48.    Defendants admit that Pine executed the documents attached to plaintiffs'

14    amended complaint as Exhibits E and F.  Except as expressly admitted, denied.

15    49.    Defendants admit that Johnston executed the documents attached to plaintiffs'

16    amended complaint as Exhibits G and H.  Except as expressly admitted, denied.

17    50.    Denied.

18    51.    Admitted.

19    52.    Denied.

20    53.    Defendants admit that they executed certain documents during their

21    employment with NFS, and state that those documents are the best evidence of their contents.

22    Except as expressly admitted, denied.

23    54.    Defendants admit that Johnston executed the document attached to plaintiffs'

24    amended complaint as Exhibit I.  Except as expressly admitted, denied.

25

26

27    ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 5

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington  98101-2509
(206) 749-0500

1    55.    Denied.

2    56.    Defendants admit that Johnston executed certain documents during her

3  employment with NFS, and state that those documents are the best evidence of their contents.

4  Except as expressly admitted, denied.

5    57.    Defendants admit that Johnston executed certain documents during her

6  employment with NFS, and state that those documents are the best evidence of their contents.

7  Except as expressly admitted, denied.

8    58.    Denied.

9    59.    Denied.

10    60.    Denied.

11    61.    Defendants deny the first, fourth and fifth sentences of Paragraph 61.

12  Defendants deny for lack of information and knowledge the second and third sentences of

13  Paragraph 61. Except as expressly admitted, denied.

14    62.    Defendants admit that Torrent is developing products and services that will, in

15  part, be applicable to WYO insurance companies and, thus, may compete with NFS products

16  and services. Except as expressly admitted, denied.

17    63.    Denied.

18    64.    Denied.

19    65.    Defendants admit that Torrent is developing products and services that will, in

20  part, be applicable to WYO insurance companies and, thus, may compete with NFS products

21  and services. Except as expressly admitted, denied.

22    66.    Defendants deny that Torrent intentionally or otherwise promoted or

23  advertised false, deceptive or misleading information.

24    67.    Defendants admit that Torrent's website address is www.torrentcorp.com.

25

26

27  ANSWER, AFFIRMATIVE DEFENSES,
    COUNTERCLAIMS, AND JURY DEMAND
    (No. C05-1350Z) - 6

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

68.     Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents. Except as expressly admitted, denied.

69.     Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents. Except as expressly admitted, denied.

70.     Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents. Except as expressly admitted, denied.

71.     Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents. Except as expressly admitted, denied.

72.     Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents. Except as expressly admitted, denied.

73.     Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents. Except as expressly admitted, denied.

74.     Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents. Except as expressly admitted, denied.

75.     Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents. Except as expressly admitted, denied.

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 7

76.   Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents.  Except as expressly admitted, denied.

77.   Defendants admit that Torrent has a website (www.torrentcorp.com) and state that that website, now and in the past, is the best evidence of its contents.  Except as expressly admitted, denied.

78.   Defendants admit that Pine prepared the document attached to plaintiffs' amended complaint as Exhibit M.  Except as expressly admitted, denied.

79.   *See* Paragraph 78 above.  Except as expressly admitted, denied.

80.   Defendants deny the first sentence of Paragraph 80.  Defendants admit that Exhibit N to plaintiffs' amended complaint is a document entitled "Torrent Technologies, Inc. / Executive Summary / March 2005" and that this document is best evidence of its contents.  Except as expressly admitted, denied.

81.   Denied.

82.   Defendants admit that WYO insurance companies, among others, are potential investors in and/or clients or customers of Torrent.  Except as expressly admitted, denied.

83.   Denied.

84.   Denied.

85.   Denied.

86.   Denied.

87.   Defendants admit that Torrent sent certain WYO insurance companies and other persons and entities invitations to a presentation by Torrent that was scheduled to take place during the National Flood Conference, which took place May 31, 2005 – June 3, 2005, and that Exhibit O to plaintiffs' amended complaint is an example of such an invitation.

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 8

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1    Defendants also admit that the National Flood Conference is an annual conference sponsored

2    by FEMA/NFIP.  Except as expressly admitted, denied.

3          88.    Denied.

4          89.    Denied.

5          90.    Denied.

6          91.    Defendants incorporate herein by reference their responses to Paragraphs 1-90

7    above.

8          92.    Defendants deny the first sentence of Paragraph 92.  Defendants admit that the

9    documents attached to plaintiffs' amended complaint as Exhibits P and Q are declarations

10   filed in the preceding state court action.  Except as expressly admitted, denied.

11         93.    Defendants state the May 26, 2005 declaration of Travis Pine is best evidence

12   of its contents.  Except as expressly admitted, denied.

13         94.    Defendants state the July 8, 2005 declaration of Travis Pine is best evidence of

14   its contents.  Except as expressly admitted, denied.

15         95.    Denied.

16         96.    Denied.

17         97.    Denied.

18         98.    Denied.

19         99.    Denied.

20         100.    Denied.

21         101.    Denied.

22         102.    Denied.

23         103.    Defendants incorporate herein by reference their responses to Paragraphs 1-90

24   above.

25

26

27   ANSWER, AFFIRMATIVE DEFENSES,
     COUNTERCLAIMS, AND JURY DEMAND
     (No. C05-1350Z) - 9

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1      104.   Denied.

2      105.   Denied.

3      106.   Denied.

4      107.   Denied.

5      108.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

6   above.

7      109.   Denied.

8      110.   Denied.

9      111.   Denied.

10     112.   Denied.

11     113.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

12   above.

13     114.   Denied.

14     115.   Denied.

15     116.   Denied.

16     117.   Denied.

17     118.   Denied.

18     119.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

19   above.

20     120.   Denied.

21     121.   Denied.

22     122.   Denied.

23     123.   Denied.

24

25

26

27   ANSWER, AFFIRMATIVE DEFENSES,
     COUNTERCLAIMS, AND JURY DEMAND
     (No. C05-1350Z) - 10

1    124.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

2  above.

3    125.   Denied.

4    126.   Denied.

5    127.   Denied.

6    128.   Denied.

7    129.   Denied.

8    130.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

9  above.

10    131.   Denied.

11    132.   Denied.

12    133.   Denied.

13    134.   Denied.

14    135.   Denied.

15    136.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

16  above.

17    137.   Denied.

18    138.   Denied.

19    139.   Denied.

20    140.   Denied.

21    141.   Denied.

22    142.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

23  above.

24    143.   Denied.

25

26

27  ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 11

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1    144.   Denied.

2    145.   Denied.

3    146.   Denied.

4    147.   Denied.

5    148.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

6    above.

7    149.   Denied.

8    150.   Denied.

9    151.   Denied.

10    152.   Defendants incorporate herein by reference their responses to Paragraphs 1-90

11    above.

12    153.   Defendants deny the first sentence of Paragraph 153. Defendants state that the

13    document attached to plaintiffs' amended complaint as Exhibit R is best evidence of its

14    contents. Except as expressly admitted, denied.

15    154.   Denied.

16    155.   Plaintiffs' amended complaint does not contain a Paragraph 155.

17    156.   Defendants admit that, during the prior-filed state court litigation, Fiserv/NFS

18    demanded that Pine return to Fiserv/NFS a certain desktop computer, that Pine was willing to

19    do so, subject to the issue of ownership of the computer, which is in dispute, being ultimately

20    determined by the court and subject to an agreement regarding the data and information

21    contained on the computer, and that Fiserv/NFS was unwilling to enter into such an

22    agreement. Except as expressly admitted, denied.

23    157.   Denied.

24    158.   Denied.

25

26

27    ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 12

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1    159.    Defendants incorporate herein by reference their responses to Paragraphs 1-90

2    above.

3    160.    Denied.

4    161.    Denied.

5    162.    Denied.

6    163.    Defendants incorporate herein by reference their responses to Paragraphs 1-90

7    above.

8    164.    Denied.

9    165.    Denied.

10    166.    Defendants incorporate herein by reference their responses to Paragraphs 1-90

11    above.

12    167.    Defendants state that Paragraph 167 states legal characterizations and

13    conclusions to which no response is required.  Except as expressly admitted, denied.

14    168.    Denied.

15    169.    Defendants deny that NFS or Fiserv properly has any ownership right, in

16    copyright or otherwise, with respect to either of the documents attached plaintiffs' amended

17    complaint as Exhibit M or Exhibit N.  Except as expressly admitted, denied.

18    170.    Denied.

19    171.    Denied.

20    172.    Defendants state that the document attached to plaintiffs' amended complaint

21    as Exhibit S is best evidence of its contents.  Except as expressly admitted, denied.

22    173.    Denied.

23    174.    Denied.

24

25

26

27

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 13

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

175.   Defendants admit that they are not licensees of NFS or Fiserv. Defendants deny that NFS or Fiserv properly has any ownership right, in copyright or otherwise, with respect to either of the documents attached plaintiffs' amended complaint as Exhibit M or Exhibit N. Except as expressly admitted, denied.

176.   Denied.

177.   Denied.

178.   Denied.

Defendants deny that plaintiffs are entitled to any of the relief sought in their prayer for relief.

**AFFIRMATIVE DEFENSES**

1.   Some or all of plaintiffs' causes of action do not state claims against defendants upon which relief can be granted and/or should be dismissed for lack of subject matter jurisdiction.

2.   Plaintiffs have suffered no compensable injury or damages.

3.   Plaintiffs' alleged damages and injury, if any, are the result of their own acts and omissions.

4.   Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

5.   Plaintiffs' copyright claims are barred by the equitable doctrine of copyright misuse.

6.   Plaintiffs' copyright claims are barred because plaintiffs' copyright registration was fraudulently obtained.

7.   Defendants have not willfully and/or knowingly infringed on any valid copyright owned by NFS and/or Fiserv.

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 14

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

8.     Defendants have not intentionally and/or knowingly misrepresented the nature, origin, characteristics and/or qualities of Torrent's products in violation of 15 U.S.C. § 1125(a) or otherwise.

9.     Plaintiffs' Lanham Act claim is barred by the defense of puffery.

10.    Plaintiffs, by their own conduct, are legally and/or equitably estopped from asserting their claims against the defendants.

11.    Plaintiffs have waived some or all of the claims that they seek to enforce.

12.    Plaintiffs cannot obtain relief under Washington law to the extent that the law of some other state applies and conflicts with Washington law.

13.    Some or all of the alleged agreements that plaintiffs seek to enforce have been rescinded and/or cancelled.

14.    The alleged agreements that plaintiffs seek to enforce are unenforceable under applicable state law, including without limitation, Wisconsin law.

15.    The alleged agreements that plaintiffs seek to enforce are unenforceable to the extent that they violate state and/or federal antitrust laws.

16.    The conduct of defendants that is alleged to constitute tortious interference was justified.

17.    Defendants reserve the right to supplement their Answer in the event that further discovery and investigation reveals additional facts barring any part of any of the claims of the plaintiffs.

///

///

///

///

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 15

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

## COUNTERCLAIMS

Defendants Torrent Technologies, Inc. and Travis Pine incorporate herein by reference the paragraphs of their answer as set forth above and plead counterclaims as follows:

### Parties

1.    Torrent Technologies, Inc. ("Torrent") is a Delaware corporation with its principal place of business in King County, Washington.  Travis Pine ("Pine") is an individual who resides in Kitsap County, Washington.

2.    National Flood Services, Inc. ("NFS") is a Delaware corporation with its principal place of business in Kalispell, Montana.  Fiserv, Inc. ("Fiserv") is a Wisconsin corporation with its principal place of business in Brookfield, Wisconsin.  On information and belief, NFS is a wholly-owned subsidiary of Fiserv.  (Fiserv and NFS are referred to collectively herein as "Fiserv/NFS.")

### Jurisdiction

3.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1337, 1338(a) and 1367(a) and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

### Factual Background

4.    The United States Congress formed the National Flood Insurance Program ("NFIP") in 1968 to address the rising cost of taxpayer-funded flood relief.  Through the NFIP, which is administered by the Federal Emergency Management Agency ("FEMA"), the federal government guarantees the funding of flood insurance.

5.    In 1983, FEMA established the "Write Your Own" ("WYO") program for the sales and administration of flood insurance through private insurers who "write their own"

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 16

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1   policies. *See, generally,* www.fema.gov/nfip/wyowhat.shtm. Only insurance companies that
2   are approved by FEMA, and comply with applicable FEMA requirements, can participate in
3   the WYO program. The WYO insurance companies authorized to participate in the NFIP are
4   publicly known and, in fact, are listed on a website maintained by FEMA. *See*
5   www.fema.gov/nfipInsurance/search_results.jsp. WYO insurance companies are located in
6   and/or service purchasers of flood insurance in, among other states, Washington, Wisconsin
7   and Montana.

8       6.      On information and belief, approximately 89% of the WYO insurance
9   companies use a third-party administrator, or "flood vendor," to provide the policy and
10  claims servicing and processing necessary to participate in the WYO program. Policy and
11  claims servicing includes such functions as processing insurance applications, collecting
12  initial premiums, issuing policies, providing lender notification, providing ongoing premium
13  billing and collection, providing customer support to both agents and insureds, maintaining
14  policy and claims records, processing and paying claims and reporting statistical data back to
15  FEMA. These services are an important part of the delivery of flood insurance to the
16  ultimate consumer because when provided accurately and efficiently, policyholders living in
17  flood zones are afforded protection against losses due to flooding and also are able to meet
18  stringent lender requirements allowing them to secure mortgages for their homes.
19  Additionally, these services ensure the accurate and timely processing of claims allowing for
20  faster payment to homeowners and other policyholders following flood-related disasters.

21      7.      Fiserv/NFS is a "flood vendor." That is, Fiserv/NFS provides administration
22  services to insurance companies that use an outside vendor to provide policy and claims
23  servicing and processing. Fiserv/NFS specializes in flood insurance policy and claims
24  servicing and processing.

25

26

27  ANSWER, AFFIRMATIVE DEFENSES,
    COUNTERCLAIMS, AND JURY DEMAND
    (No. C05-1350Z) - 17

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

8.     The WYO flood insurance companies that use outside flood vendors comprise the market relevant to Torrent's counterclaims herein.  Torrent is attempting to enter this market so as to provide flood insurance servicing that competes with Fiserv/NFS's services.  Torrent has taken substantial steps to enter this market, including but not limited to the following:  (a) the formation of a company, (b) the development of a business plan, (c) preliminary work on the development of Torrent's technology, (d) the hiring of certain employees.  The relevant market is national in scope, heavily concentrated, and it constitutes a distinct and identifiable product or service market.

A.     **Fiserv/NFS Exercises Monopoly Power Illegitimately**

9.     As described below, Fiserv/NFS is attempting to prevent competition in the relevant market and, in particular, to prevent Torrent and others from entering this market.  Fiserv/NFS's actions in this regard are unreasonable, illegitimate, and predatory.

10.     Flood vendor services are specialized.  They are not reasonably interchangeable with, for example, policy and claims servicing for other types of insurance polices and for this reason the substantial majority of WYO insurance companies utilize a third-party flood vendor.  Flood vendor services are specialized, in part, because of the specific requirements of flood insurance as established by FEMA, and, thus, differ from the policy and claims processing required for traditional property and casualty insurance.

11.     Fiserv/NFS currently dominates and controls the relevant market.  On information and belief, Fiserv/NFS is the exclusive provider of flood vendor services to approximately 93% of customers in the relevant market.

12.     Fiserv/NFS has and exercises monopoly power in the relevant market.  As stated above, Fiserv/NFS has a market share of approximately 93%.  There are barriers to entry into the market.  Among other things, the flood insurance industry is highly regulated

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 18

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington  98101-2509
(206) 749-0500

1  by FEMA. Fiserv/NFS has the power to exclude competition by virtue of, without limitation,

2  its market share and predatory business practices and the barriers to entry into the market. In

3  addition, Fiserv/NFS has the ability to control prices in the market because of its market

4  share, the lack of viable alternatives to Fiserv/NFS, and the barriers to entry into the market.

5          13.     Further, and by way of example only, the repeated comments of Fiserv/NFS

6  management demonstrate that Fiserv/NFS understands and believes that it has and exercises

7  monopoly power and that its flood vendor services are not interchangeable with other

8  services. In multiple conversations regarding Fiserv/NFS flood vendor customers who

9  requested that Fiserv/NFS management make the flood vendor services of Fiserv/NFS more

10 useful to them and their customers and, thus, more competitive in the market, Fiserv/NFS

11 management refused to make recommended improvements to the product and stated that

12 Fiserv/NFS did not need to do so because Fiserv/NFS's customers had nowhere else to go.

13 Fiserv/NFS's anticompetitive conduct substantially affects and harms the consumers of flood

14 vendor services, including WYO flood insurance companies that are located in and/or do

15 business in Washington, Montana and Wisconsin. On information and belief, and without

16 limitation, as a result of Fiserv/NFS's anti-competitive conduct, the consumers and potential

17 consumers Fiserv/NFS's flood vendor services (a) are forced to use a weak and outdated

18 product, and (b) pay higher prices for flood vendor services than they would in the absence of

19 Fiserv/NFS's anti-competitive conduct.

20                      **B.     Fiserv/NFS's Anticompetitive Conduct**

21         14.     Fiserv/NFS's systems and technology are antiquated and obsolete and

22 Fiserv/NFS cannot fix these problems quickly. Fiserv/NFS offers a mainframe service in a

23 PC, Internet and open-architecture world. The flood processing system that Fiserv/NFS uses

24 started life more than 15 years ago. Fiserv/NFS's system was originally built to mimic the

25

26

27 ANSWER, AFFIRMATIVE DEFENSES,
   COUNTERCLAIMS, AND JURY DEMAND
   (No. C05-1350Z) - 19

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1   manual processes of the organization and many relics of how Fiserv/NFS did business a

2   decade or more ago still exist within the system and negatively impact its capabilities and

3   capacities.

4        15.    The aged infrastructure of Fiserv/NFS's current system places Fiserv/NFS in a

5   challenged situation.  Fiserv/NFS is spending a substantial portion of its information

6   technology ("IT") resources on just maintaining its out-moded and inefficient system.  The

7   Fiserv/NFS system has reached a time in its life-cycle when more effort is being directed

8   toward maintaining the system than extending its capabilities and features.  As a result,

9   Fiserv/NFS is spending the bulk of its IT budget just treading water, starving the IT function

10   of resources to improve its system.  Fiserv/NFS seeks to develop a new system, to enable its

11   continued and further domination of the market, but Fiserv/NFS needs time to solve its

12   substantial technological problems.

13        16.    In the meantime, Fiserv/NFS believes that it is vulnerable to the superior

14   technology of actual and/or potential competitors, notably Torrent.  Fiserv/NFS understands

15   that Torrent is unable to compete with Fiserv/NFS in the near-term, but believes that

16   allowing any competitor, including Torrent, to gain a foothold in the market, while

17   Fiserv/NFS is technologically vulnerable, could be very costly to Fiserv/NFS and its

18   monopoly market position.

19        17.    Fiserv/NFS has been and continues to be engaged in a coordinated anti-

20   competitive strategy intended to consolidate, expand and maintain its control and domination

21   of the marketplace.  This anti-competitive strategy comprises, in part, the acquisition of

22   potential competitors.  Fiserv/NFS has purchased, for example, National Con-Serv, Inc.

23   ("NCSI") and Insurance Management Solutions Group, Inc. ("IMSG"), several of its primary

24   competitors.  Through these and other acquisitions and combinations -- *see, e.g.,*

25

26

27   ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 20

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1  www.fiserv.com/fiserv.cfm?tn=compacq   Fiserv/NFS has succeeded in eliminating most of

2  its competition in the relevant market.

3       18.    Another significant aspect of Fiserv/NFS's anti-competitive strategy consists

4  of forcing employees of the various companies owned by Fiserv – there are more than one

5  hundred (100) such companies   to enter into unreasonable and unenforceable agreements

6  relating, in part, to competition with any Fiserv company, including NFS. Thus, Fiserv/NFS

7  seeks to exclude all potential competitors from the market for flood vendor services by

8  buying existing competitors and unreasonably constraining any future competitors.

9       **C.    Fiserv/NFS's Copyright and Antitrust Violations**

10       19.    Another aspect of Fiserv/NFS's concerted anti-competitive strategy is to

11  attempt to usurp ownership of Torrent's intellectual property, and to attempt to enforce a

12  copyright actually owned by Torrent in an effort to prevent Torrent from describing and

13  promoting its business – and to prevent competition in the marketplace generally.

14       20.    One of the substantial steps taken by Torrent in the development of Torrent's

15  business has been the creation of various business plans and summaries describing Torrent's

16  business model, its planned technology, and similar matter. The development of Torrent's

17  business is original to Torrent and is neither based upon any Fiserv/NFS intellectual property

18  nor derivative of any Fiserv/NFS intellectual property. To the contrary, an important purpose

19  of Torrent's business is to distinguish Torrent from Fiserv/NFS; and Fiserv/NFS knows this

20  or should.

21       21.    Nonetheless, and well after it initiated the prior state court litigation,

22  Fiserv/NFS purported to register a document authored by Travis Pine and entitled "Executive

23  Summary" with the United States Copyright Office and, in doing so, misrepresented that

24  Fiserv/NFS is the author of the work and properly has ownership rights. Moreover,

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 21

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1  Fiserv/NFS's registration was for specific and intentional purpose of ginning up a copyright
2  claim against Torrent.

3     22.    Fiserv/NFS made misrepresentations to the U.S. Copyright Office in order to
4  procure a copyright properly belonging to Travis Pine and/or Torrent. Specifically, on or
5  about July 29, 2005, on information and belief, Fiserv/NFS filed an Application with the U.S.
6  Copyright Office (Exhibit S to Fiserv/NFS's complaint), in which it stated that National
7  Flood Services, Inc. was the author of a document entitled "Executive Summary," and that
8  actual author had provided a written transfer of all rights in said "Executive Summary"
9  document to National Flood Service. Fiserv/NFS failed to identify the name of the actual
10  author and Fiserv/NFS knew or should have known that National Flood Services was *not* the
11  author of the "Executive Summary" document pursuant to the "work made for hire" doctrine
12  or otherwise and that the rightful owner of the above-referenced work had not transferred any
13  rights to National Flood Services.

14     23.    Fiserv/NFS also made fraudulent representations of material fact by
15  representing to the U.S. Copyright Office in its copyright application that the document
16  entitled "Executive Summary" was "a work made for hire," when, in fact, Fiserv/NFS knew
17  or should have known that the "Executive Summary" document was not a work made for
18  hire.

19     24.    Thus, the copyright registration for the document entitled "Executive
20  Summary" assigned to Fiserv/NFS on July 29, 2005 was not valid, because it was based on
21  false representations made by Fiserv/NFS to the U.S. Copyright Office. Fiserv/NFS has
22  never used the copyrighted work and its primary purpose in procuring the copyright is to
23  attempt a procedural advantage in this lawsuit and to deny Defendants their lawful right to
24  such Registration.

25
26
27  ANSWER, AFFIRMATIVE DEFENSES,
   COUNTERCLAIMS, AND JURY DEMAND
   (No. C05-1350Z) - 22

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

25.     Fiserv/NFS's attempted enforcement of the copyright of the document entitled "Executive Summary" violates public policy because it is part of an anti-competitive strategy to monopolize and attempt to monopolize the flood vendor business and to create an improper restraint on trade in that market.

26.     Fiserv/NFS's misuse of any alleged rights in the copyright to the document entitled "Executive Summary" to prevent legitimate competition constitutes copyright misuse.  Fiserv/NFS is improperly trying to prevent Torrent, and others, from entering the flood insurance vendor market and Fiserv/NFS has engaged in antitrust violations through an aggressive and overreaching attempt to enforce an invalid and improperly-obtained copyright.

27.     Fiserv/NFS has filed repetitive and baseless claims in an effort to drain Torrent of economic resources.  NFS/Fiserv first filed a complaint and petition for TRO in King County Superior Court in May 2005.  After considered review on two occasions, the King County Superior Court denied the TRO.  In a demonstration of repetitive and redundant litigation, NFS/Fiserv filed suit in this Court in August 2005 – while substantially overlapping claims were pending before the King County Superior Court.  NFS/Fiserv also has simultaneously used the U.S. Copyright Office to further its scheme by improperly purporting to register the copyright to a work owned by one or more Defendants.  Fiserv/NFS's repetitive and baseless litigation is an abuse of process of the judicial and administrative systems.

**D.     Fiserv/NFS's Anti-Competitive Covenants**

28.     As a part of and in pursuit of its anti-competitive strategy, as noted above, Fiserv/NFS extracted from Pine and Johnston various unreasonable and unenforceable agreements relating, in part, to preventing competition with Fiserv/NFS and also relating to allegedly confidential information (hereafter, collectively, the "anti-competitive

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 23

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1  agreements"). The anti-competitive agreements are unreasonable, unenforceable, and anti-

2  competitive for a number of reasons.

3         29.     Without limitation, the anti-competitive agreements are unreasonable and

4  unenforceable because they are, on information and belief, part of Fiserv/NFS's broader and

5  coordinated anti-competitive strategy. The anti-competitive agreements are not ancillary to

6  any legitimate business purpose or transaction and are not necessary to protect Fiserv/NFS's

7  legitimate property interests. Fiserv/NFS does not need the anti-competitive agreements

8  other than to advance its anti-competitive strategy. As alleged above, Fiserv/NFS controls

9  approximately 93% of the relevant market and controls not only the customers in this market,

10  but also many of the people who might seek to compete in that market. The anti-competitive

11  agreements are an unreasonable and unenforceable restraint of trade because, among other

12  things, they are an attempt by Fiserv/NFS to prevent legitimate competition by any person

13  who has ever worked for Fiserv/NFS.

14         30.     Fiserv/NFS has taken a series of unreasonable, illegitimate and predatory

15  actions directed at Torrent, with the intent of preventing competition in the relevant market.

16  Among other things, Fiserv/NFS demanded that Torrent hand over to Fiserv/NFS all of

17  Torrent's proprietary development materials. Fiserv/NFS's actions in this regard were

18  unreasonable, illegitimate and predatory at least because: (a) Fiserv/NFS knew that Torrent

19  is developing a flood servicing system that is different from NFS' system, including the use

20  of wholly different technology; (b) Fiserv/NFS knew that Torrent was not using Fiserv/NFS

21  trade secrets or confidential information; (c) Fiserv/NFS is concerned that it will lose market

22  share, revenues and profits if its services and products must compete on the merits with

23  Torrent's; and (d) Fiserv/NFS acted against Torrent, on information and belief, in part to gain

24  access to *Torrent's* own trade secrets and confidential information, by demanding that

25

26

27  ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 24

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1  Torrent turn over to Fiserv/NFS all of Torrent's computers and development information.

2  Torrent is informed and believes that Fiserv/NFS is now pursuing efforts to develop

3  technologies that would mimic Torrent's.

4       31.    Fiserv/NFS's anti-competitive conduct has and will continue to harm

5  competition generally in the relevant market, causing harm not only to the WYO insurers

6  using outside flood vendors, but also to individual flood insurance policyholders.

7       32.    Additionally, if Fiserv/NFS's conduct is permitted to continue, the flood

8  insurance industry itself is at great risk. Fiserv/NFS's systems infrastructure is vulnerable

9  due to its antiquated foundation, without adequate backup and disaster recovery measures in

10  place. On information and belief, Fiserv/NFS has not taken the appropriate, necessary,

11  industry-standard steps to protect Fiserv/NFS's systems, which, particularly in light of

12  Fiserv/NFS's dominant market share, ultimately leaves the flood insurance industry and its

13  participants vulnerable. If Fiserv/NFS were to experience a critical or terminal systems

14  event, a substantial portion of the nation's flood insurance processing would literally come to

15  a halt, without an adequate contingency plan in place.

16       33.    Fiserv/NFS's unreasonable, illegitimate, predatory, and anti-competitive

17  conduct has caused injury to competition in the relevant market and to Torrent.

18       34.    Torrent has also been damaged by Fiserv/NFS's illegitimate assertion of

19  copyright in Torrent's Executive Summary.

20       35.    Fiserv/NFS's initiation of this lawsuit, threats and allegations that Torrent,

21  Pine and Johnston are violating its rights are causing irreparable injury to counterclaimants,

22  and adversely affecting counterclaimants' ability to compete and to sell its products and

23  services in the marketplace. This injury will continue until relieved by an order of this Court.

24

25

26

27  ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 25

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

## First Claim

### (Violation of § 1 of the Sherman Act; Restraint of Trade)

36.     Torrent realleges and incorporates by reference paragraphs 1 - 35, above.

37.     Fiserv/NFS extracted the anti-competitive agreements from Pine and Johnston, as referenced above.

38.     Fiserv/NFS have engaged in copyright misuse as part of its ongoing anti-competitive strategy.

39.     The anti-competitive agreements as extracted from Pine and Johnston, and other persons employed by Fiserv companies, as referenced above, as well as its copyright misuse are components of Fiserv/NFS's coordinated and ongoing anti-competitive strategy and are predatory, unreasonable, and intended to harm or unreasonably restrain competition.

40.     The conduct of Fiserv/NFS's conduct has and will continue to actually injure competition, beyond the impact on Torrent's business, and within the flood vendor market by preventing the entry into the market of Torrent and other actual or potential competitors of Fiserv/NFS.

41.     Fiserv/NFS's conduct is unreasonable, predatory and anti-competitive. If allowed to continue, NFS' conduct will bring an even larger market share under Fiserv/NFS's control, and will further restrain competition in a field in which Fiserv/NFS already exercises substantial monopoly power to the detriment of competition generally.

42.     Fiserv/NFS's unreasonable, illegitimate, predatory, and anti-competitive conduct has caused injury to Torrent, as well as injury to competition in the relevant market. Torrent has suffered damages, in an amount to be proved at trial.

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

## Second Claim

### (Violation of § 2 of the Sherman Act: Monopolization)

43.    Torrent realleges and incorporates by reference paragraphs 1 – 42, above.

44.    Fiserv/NFS currently sells its services in the market of WYO insurers who use the services of an outside flood vendor.

45.    Fiserv/NFS has and exercises monopoly power in the relevant market.

46.    Fiserv/NFS has willfully maintained and enhanced its monopoly power through unreasonable, illegitimate, predatory and anti-competitive conduct, including its attempt to eliminate Torrent as a competitor, all enacted via a coordinated strategy as set forth above.

47.    Fiserv/NFS's unreasonable, illegitimate, predatory, and anti-competitive conduct has caused injury to Torrent and to competition in the relevant market.  Torrent has suffered damages, in an amount to be proved at trial.

## Third Claim

### (Violation of § 2 of the Sherman Act: Attempt to Monopolize)

48.    Torrent realleges and incorporates by reference paragraphs 1 – 47 above.

49.    Fiserv/NFS has engaged in unreasonable, illegitimate, predatory, and anti-competitive conduct by attempting to destroy a nascent company so as to prevent and eliminate competition in the flood vendor market.

50.    Fiserv/NFS has a specific intent to monopolize or further monopolize the market of servicing flood insurers.

51.    Should Fiserv/NFS prevail in its anti-competitive and predatory conduct, there is a dangerous probability it will further enhance or achieve monopoly power, to the extent

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 27

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1    that Fiserv/NFS does not already have monopoly power given that Fiserv/NFS already

2    controls approximately 93% of the relevant market.

3         52.    Fiserv/NFS's unreasonable, illegitimate, predatory, and anti-competitive

4    conduct has caused injury to Torrent and to competition in the relevant market.  As a result,

5    Torrent has suffered damages, in an amount to be proved at trial.

6                                    **Fourth Claim**

7    **Violation of State Law State Antitrust, Monopolization, Unfair Competition and
     Restraint of Trade Laws)**

8

9         53.    Torrent realleges and incorporates by reference paragraphs 1 - 52 above.

10        54.    The conduct of Fiserv/NFS as alleged above also violates applicable state laws

11   prohibiting unfair competition, including but not limited to, Wis. Stat. § 133.01 *et seq.*, Mont.

12   Rev. Code Ann. § 30.14 *et seq.*; Mont. Const. art. XV § 20; and/or RCW § 19.86 *et seq.*;

13   Wash. Const. art. XII, § 22, with respect to (without limitation) antitrust, monopolization,

14   unfair competition, and restraint of trade.

15        55.    Fiserv/NFS's antitrust violations have local significance and impact in the

16   above-referenced states because WYO flood insurance companies do business, service

17   purchasers of flood insurance and/or are located in Washington, Montana and Wisconsin.

18        56.    Fiserv/NFS's unreasonable, illegitimate, predatory, and anti-competitive

19   conduct has caused injury to Torrent, as well as to competition in the relevant market.  As a

20   result, Torrent has suffered damages in an amount to be proved at trial.

21                                    **Fifth Claim**

22                          **(Declaration of No Infringement)**

23        57.    Paragraphs 1 – 56 above are incorporated by reference as if fully set forth

24   herein.

25

26

27   ANSWER, AFFIRMATIVE DEFENSES,                       SAVITT & BRUCE LLP
     COUNTERCLAIMS, AND JURY DEMAND                  1325 Fourth Avenue Suite 1410
     (No. C05-1350Z) - 28                             Seattle, Washington 98101-2509
                                                            (206) 749-0500

1        58.   As a result of Fiserv/NFS's actions and the allegations detailed above, an

2    actual controversy exists between the counterclaimants and Fiserv/NFS regarding whether the

3    counterclaimants infringe Fiserv/NFS's purported rights of ownership to the copyright of the

4    document entitled "Executive Summary," allegedly registered with the U.S. Copyright Office

5    on or about July 29, 2005.  Torrent therefore requests declaratory judgment that it does not

6    infringe upon any valid rights NFS and Fiserv may have in the copyrighted work.

7    **Sixth Claim**

8    **Declaration of Ownership of Copyright**

9        59.   Paragraphs 1 – 58 above are incorporated by reference as if fully set forth

10   herein.

11       60.   As a result of Fiserv/NFS's actions and the allegations detailed above, an

12   actual controversy exists between the counterclaimants and Fiserv/NFS regarding whether the

13   counterclaimants own the copyright of the document entitled "Executive Summary,"

14   allegedly registered with the U.S. Copyright Office on July 29, 2005.  Defendants therefore

15   request declaratory judgment that Torrent and/or Pine is the valid owner of the copyright of

16   the work entitled "Executive Summary."

17   **Seventh Claim**

18   **(Declaration of Invalidity and Unenforceability)**

19       61.   Paragraphs 1 – 60 above are incorporated by reference as if fully set forth

20   herein.

21       62.   As a result of Fiserv/NFS's actions and the allegations referenced above, an

22   actual controversy exists between Counterclaimants and Fiserv/NFS regarding whether

23   Fiserv/NFS's asserted copyright is valid and enforceable.  Counterclaimants seek declaratory

24   judgment that Fiserv/NFS's purported copyright in the document entitled "Executive

25

26

27   ANSWER, AFFIRMATIVE DEFENSES,
     COUNTERCLAIMS, AND JURY DEMAND
     (No. C05-1350Z) – 29

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington  98101-2509
(206) 749-0500

1    Summary" is invalid and unenforceable based on the allegations set forth in this Answer and

2    Counterclaim and additional evidence as may be presented.

<strong>Eighth Claim</strong>

<strong>(Cancellation of Federal Registration)</strong>

5    63.    Paragraphs 1 – 62 above are incorporated by reference as if fully set forth

6    herein.

7    64.    Because Fiserv/NFS's copyright of the document entitled "Executive

8    Summary" is invalid for any of the reasons set forth above, counterclaimants request a

9    declaratory judgment canceling the federal registration of Fiserv/ NFS' copyright of the

10    document entitled "Executive Summary" as registered on or about July 29, 2005.

<strong>Ninth Claim</strong>

<strong>(Declaration of No False Advertising)</strong>

13    65.    Paragraphs 1 – 64 above are incorporated by reference as if fully set forth

14    herein.

15    66.    Torrent seeks a declaratory judgment that Torrent has not engaged in any

16    unfair competition, and has made no material misrepresentation of the nature, origin, or

17    qualities of its products in violation of 15 U.S.C. § 1125(a) or otherwise.

<strong>Tenth Claim</strong>

<strong>(Declaration of Invalidity Regarding Non-Compete Agreements)</strong>

20    67.    Paragraphs 1 – 66 above are incorporated by reference as if fully set forth

21    herein.

22    68.    Torrent is entitled to a declaratory judgment that the anti-competitive

23    agreements referenced above are invalid, void and unenforceable as against public policy.

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 30

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

**Eleventh Claim**

**(Declaration Regarding Computer Hardware & Data)**

69.     Paragraphs 1 – 68 above are incorporated by reference as if fully set forth herein.

70.     Torrent and Pine request a declaratory judgment that one or both own and are entitled to control the disposition of the desktop computer and related hardware given to Pine by Fiserv/NFS, and that Torrent and/or Pine own and are entitled to control the disposition of data on said desktop computer.

**RELIEF REQUESTED**

Defendants therefore respectfully request the following relief:

A.     That this Court award judgment in Torrent's favor on its claims, including damages in amounts to be proven at trial;

B.     That this Court order that damages awarded on Torrent's Sherman Act claims be trebled pursuant to 15 U.S.C. § 15(a);

C.     That this Court enjoin Fiserv/NFS's violations of the Sherman Act; and order injunctive relief to remedy any and all injury Torrent has suffered by Fiserv/NFS's illegal conduct;

D.     That this Court enter Judgment declaring that the anti-competitive agreements are unenforceable and that defendants/counterclaimants have no obligations whatsoever under those anti-competitive agreements;

E.     That this Court enter Judgment declaring that Torrent and/or Pine is the lawful owner of the copyright to the document entitled "Executive Summary" that Fiserv/NFS filed for registration on or about July 29, 2005; and that said Registration should be cancelled as

ANSWER, AFFIRMATIVE DEFENSES,
COUNTERCLAIMS, AND JURY DEMAND
(No. C05-1350Z) - 31

SAVITT & BRUCE LLP
1325 Fourth Avenue Suite 1410
Seattle, Washington 98101-2509
(206) 749-0500

1   invalid; and that this Court otherwise enter declaratory judgment in favor of

2   defendants/counterclaimants as requested in Paragraphs 57-64, above;

3        E.      That this Court award to Torrent and/or the individual defendants/

4   counterclaimants their attorneys' fees and costs to the extent permitted by law;

5        F.      That the claims of plaintiffs, and each of them, be dismissed with prejudice;

6   and

7        G.      For any and all other relief that the Court deems just and proper.

8                            **JURY DEMAND**

9        Defendants/counterclaimants respectfully demand a trial by jury with respect to all

10  issues and claims so triable.

11

12       DATED:  September 30, 2005.

13

14                               **SAVITT & BRUCE LLP**

15                          By

16                              Stephen C. Willey, WSBA #24499
                                David N. Bruce, WSBA #15237
17                              Karin B. Swope, WSBA #24105

18                          Attorneys for Defendants and Counterclaimants
                            Torrent Technologies, Inc., Travis Pine, Susanna
19                          Pine, Theresa Johnston and Ralph Johnston

20

21

22

23

24

25

26
    ANSWER, AFFIRMATIVE DEFENSES,
27  COUNTERCLAIMS, AND JURY DEMAND
    (No. C05-1350Z) - 32

                              **SAVITT & BRUCE LLP**
                              1325 Fourth Avenue Suite 1410
                              Seattle, Washington 98101-2509
                              (206) 749-0500